IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DERRICK BENNETT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. _____ |
| | § | |
| TEMPLE CARRIER, INC. and | § | |
| GURPARTAP SINGH GILL | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Subject to any and all Federal Rule of Civil Procedure 12(b) defenses, and pursuant to sections 1441 and 1446, Title 28 of the United States Code, Defendants TEMPLE CARRIER, INC. and GURPARTAP SINGH GILL ("Defendants") file this Notice of Removal, removing Cause No. OCI-22F-020 from the 222nd District Court of Oldham County, Texas to the United States District Court for the Northern District of Texas.

1.     On June 10, 2022, Plaintiff Derrick Bennett filed his Original Petition, which was assigned to the 222nd District Court of Oldham County, Texas ("State Court"), cause number OCI-22F-020, and was styled *Derrick Bennett v. Temple Carrier, Inc. and Gurpartap Singh Gill.*

2.     Defendant Temple Carrier, Inc. was served June 16, 2022.

3.     Defendant Gurpartap Singh Gill was served July 3, 2022.

4.     Defendant Temple Carrier, Inc.'s removal is timely, as it is filed within thirty days of June 16, 2022, as required by 27 U.S.C. § 1446(b). 28 U.S.C. § 1446(b) (2011).

5.     Defendant Gurpartap Singh Gill's removal is timely, as it is filed within thirty days of July 3, 2022, as required by 27 U.S.C. § 1446(b). 28 U.S.C. § 1446(b) (2011).

## REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A.    *Total Diversity Exists Between the Parties.*

6.    Subject matter jurisdiction exists pursuant to section 1332, Title 28 of the United States Code, diversity jurisdiction.

7.     Pursuant to section 1332, the district courts have original jurisdiction over all civil actions arising between citizens of different States and in which citizens or subjects of a foreign state are additional parties where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010).

8.    Diversity must exist at the time a lawsuit is commenced. *Coury v. Prot*, 85 F.3d 244, 248-49 (5th Cir. 1996).

9.    A corporation is considered a citizen of (1) every U.S. State and foreign state where it is incorporated, and (2) the U.S. State or foreign state where it has its principal place of business as per 28 U.S.C. § 1332(c)(1). 28 U.S.C. § 1332(c) (2011).

10.    Plaintiff is a United States citizen, a citizen of Kentucky, and resides in Kentucky. (Plaintiff's Original Petition at p. 1).

11.    Defendant Temple Carrier, Inc. is a foreign for-profit corporation.  Defendant Temple Carrier, Inc.'s principal place of business is in Fresno, California.  Defendant Temple Carrier, Inc. is incorporated in California.

12.    Defendant Gurpartap Singh Gill is a citizen of Modesto, California and a resident of California.

### B.    *The Amount in Controversy Exceeds $75,000.00*

13.    Plaintiff's damage claims meet the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(b). The amount in controversy is the estimate of damages that

will be put at issue, not the amount Plaintiff will actually recover. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). Under Texas Rule of Civil Procedure 47, a plaintiff is required to plead one of the statutorily-prescribed ranges of damages. TEX. R. CIV. P. 47. In this matter, Plaintiff pled that he seeks over $1,000,000 in damages. (Plaintiff's Petition, at p. 7). As such, from the face of the Petition, the amount in controversy plainly exceeds $75,000.

## PROPER VENUE AND COMPLIANCE WITH REMOVAL PROCEDURE

14.     Pursuant to section 1441(a), venue of the removed action is proper in this Court as it is the district which embraces the place where the State action is pending. 28 U.S.C. 1441(a) (2011).

15.     Defendants will give adverse parties written notice of the filing of this Notice of Removal as required by section 1446(d). Defendant will also promptly file a copy of this Notice of Removal with the District Clerk of Oldham County, Texas.

16.     True and correct copies of all process, pleadings, and any Orders served in the State court action are being filed with this Notice of Removal, as required by section 1446(a) and shown below:

| EXHIBIT | DOCUMENT NAME | DATE FILED IN STATE COURT |
|---------|---------------|---------------------------|
| A | Plaintiff's Original Petition | 6/10/2022 |
| B | Letter to Oldham County District Clerk requesting issuance of citations to Temple Carrier, Inc. and Gurpartap Singh Gill | 6/13/2022 |
| C | Citation to Temple Carrier, Inc. | 6/13/2022 |
| D | Citation to Gurpartap Singh Gill | 6/13/2022 |
| E | Affidavit of Service (Temple Carrier, Inc.) | 6/22/2022 |
| F | Affidavit of Service (Gurpartap Singh Gill) | 7/07/2022 |
| G | Defendants' Original Answer | 7/08/2022 |
| H | Case Summary sheet | |

Accordingly, Defendants, pursuant to and in conformity with the requirements set forth in 281 U.S.C. § 1446, respectfully remove Cause No. OCI-22F-020 from the 222nd District Court of Oldham County, Texas to the United States District Court for the Northern District of Texas, Amarillo Division.

Respectfully submitted,

RINEY & MAYFIELD LLP
Mitzi Mayfield, SBN 13284425
mmayfield@rineymayfield.com
Alex Yarbrough, SBN 24079615
ayarbrough@rineymayfield.com
320 South Polk Street, Suite 600
Amarillo, Texas 79101
Tel: (806) 468-3200; Fax: (806) 376-4509

*/s/ Mitzi S. Mayfield*
Mitzi S. Mayfield

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on the parties through their counsel of record, as follows, on this 8th day of July 2022.

| | |
|---|---|
| Mr. Ryan H. Zehl | ***Via Electronic Filing*** |
| rzehl@zehllaw.com | |
| Mr. Zachary P. McFarlane | |
| zmcfarlane@zehllaw.com | |
| ZEHL & ASSOCIATES, PC | |
| 2700 Post Oak Boulevard, Suite 1000 | |
| Houston, Texas 77056 | |

*ATTORNEYS FOR PLAINTIFF*

154188v1

*/s/ Mitzi S. Mayfield*
Mitzi S. Mayfield

# Exhibit A

Filed 6/10/2022 5:26 PM
Darla Lookingbill
Combination Clerk
Oldham County, Texas
Reviewed By: Brenda Linn

CAUSE NO. <u>OCI-22F-020</u>

| | | |
|---|---|---|
| DERRICK BENNETT, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | OLDHAM COUNTY, TEXAS |
| | § | |
| TEMPLE CARRIER, INC. | § | |
| and GURPARTAP SINGH GILL, | § | |
| | § | |
| *Defendants.* | § | <u>222ND</u> JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Derrick Bennett, files this Original Petition, complaining of the acts and omissions of Defendants, Temple Carrier, Inc. "Temple Carrier" and Gurpartap Singh Gill "Mr. Gill", and would respectfully show the Court as follows:

### I.   DISCOVERY LEVEL

1.   Plaintiff requests that discovery in this matter be conducted under Level 3 of the Texas Rules of Civil Procedure.

### II.   PARTIES & SERVICE

2.   Plaintiff, Derrick Bennett, is an individual resident of Kentucky.

3.   Defendant Temple Carrier, Inc. is a foreign for-profit corporation who committed a tort in the State of Texas. This Defendant may be served through its registered agent, Tarlok Singh Cheema, at 7459 N Riverside Dr Fresno, California 93722. Plaintiff requests a citation.

4.      Defendant Gurpartap Singh Gill is an individual and resident of Turlock, California. Mr. Gill committed a tort in the State of Texas. Mr. Gill resides at 1142 Kay Cir Turlock, California 95382 and may be served at that address or wherever he may be found. Plaintiff requests a citation.

### III.     JURISDICTION & VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      This court has personal jurisdiction over Defendants, because they committed a tort in the state of Texas, a proper forum.

7.      All other jurisdiction prerequisites and conditions precedent to suit have been met.

8.      Venue is proper in Oldham County under § 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to the claim occurred in Oldham County, Texas.

### IV.     FACTS

9.      On or about 10:15 p.m. on June 28, 2020, Plaintiff Derrick Bennett was driving westbound on Interstate 40 in the Texas Panhandle when Defendant driver Mr. Gurpartap Singh Gill changed lanes when unsafe and struck Plaintiff's vehicle on the left side.

10.     Mr. Gill failed to control his vehicle and made an unsafe lane change, causing the collision between his 2019 Volvo tractor-trailer and Plaintiff's vehicle. Mr. Gill's tractor trailer violently struck the left side of Plaintiff's vehicle casing severe damage to the vehicle and bodily injuries to the Plaintiff.

11.     Mr. Gill was given a citation for: "Changing Lane When Unsafe". His failure to control his vehicle is the actual and proximate cause of this collision.

12.     This violent wreck caused by Mr. Gill resulted in Plaintiff Derrick Bennett sustaining significant injuries.

## V.     VICARIOUS LIABILITY

13.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Gill, the driver of the 2019 Volvo tractor-trailer, was within the course and scope of employment for Defendant Temple Carrier.

14.     At the time of the act in question and immediately prior thereto, Defendant Gill was engaged in the furtherance of the business of Defendant Temple Carrier.

15.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Gill was engaged in accomplishing a task for which he was employed by Defendant Temple Carrier.

16.     Additionally, or alternatively, at the time of the occurrence of the act in question and immediately prior thereto, Defendant Gill was a statutory employee of Defendant Temple Carrier, under 49 C.F.R. §§ 376.11–.12, 390.5 et seq., 37 TEX. ADMIN. CODE § 4.11 et seq., and other applicable law.

17.     Therefore, under the doctrine of respondeat superior, Defendant Temple Carrier is vicariously liable for Defendant Gill's conduct.

## VI.     NEGLIGENCE AGAINST GURPARTAP SINGH GILL

18.     Defendant Gurpartap Singh Gill was the driver of a Temple Carrier Volvo tractor-trailer operated for profit. Defendant Gill had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances like those described herein.

19.     Plaintiff's injuries were proximately caused by Defendant Gill's negligent, careless, and reckless disregard of this duty.

20.     The negligent, careless, and reckless disregard of this duty consisted of, but is not limited to, the following acts and omissions:

   a.   Failure to keep a proper lookout that would have been exercised by a person of ordinary prudence under similar circumstances;

   b.   Failure to control his speed;

   c.   Failure to apply his brakes;

   d.   Failure to control his vehicle;

   e.   Failing to comply with the Texas Transportation Code and the Federal Motor Carrier Safety Regulations; and

   f.   Such additional acts of negligence, which will be established as the case progresses.

## VII.    NEGLIGENCE AGAINST TEMPLE CARRIER

21.     The negligent acts and omissions of Defendant Temple Carrier, and statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff. Any statutory violations constitute negligence per se. More specifically, Temple Carrier violated sections of the Texas Transportation Code, as well as sections of the Federal Motor Carrier Safety Regulations.

22.     Temple Carrier's violations of these rules and statutes created a risk of injury to Plaintiff, which the standards were designed to protect against. Such negligence was a proximate cause of the injuries and damages suffered by Plaintiff.

23.     Temple Carrier's negligent acts and omissions also include, among others, the following:

a.  Negligently entrusting the vehicle to Defendant Mr. Gill when Temple Carrier knew or should have known that Defendant Gill was an incompetent and unfit driver, unqualified to drive a commercial motor vehicle, inadequately trained, and/or reckless;

b.  Negligently hiring and entrusting incompetent drivers, including Defendant Gill, with the right to operate a commercial motor vehicle;

c.  Negligently failing to properly train Defendant Gill in the operation of the vehicle in question;

d.  Negligently supervising Defendant Gill;

e.  Negligently retaining Defendant Gill;

f.  Failing to do what a reasonably prudent motor carrier would do under the same and similar circumstances;

g.  Failing to comply with the Texas Transportation Code, the Texas Department of Public Safety's Commercial Vehicle Regulations, and the Federal Motor Carrier Safety Regulations; and

h.  Such other acts of negligence, which will be established as the case progresses.

24.     Defendant Temple Carrier exhibited reckless disregard of the safety of others, including Plaintiff, and conscious indifference to the rights, welfare, and safety of others, including Plaintiff, and conscious indifference to the rights, welfare and safety of those persons affected by it, including Plaintiff.

## VIII.   GROSS NEGLIGENCE AGAINST DEFENDANTS

25.     Plaintiffs respectfully show this court and the jury that the injuries and damages Plaintiff sustained in the incident in question were caused by the gross negligence of Defendants both individually and by and through Temple Carrier's employees, agents, driver, officers, and representatives.

26.     Plaintiff would further show, these acts and omissions, when viewed from the standpoint of Defendants, involved an extreme degree of risk. Considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risks of this conduct, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

27.     Additionally, Defendant Gill is grossly negligent as a result of recklessly operating a commercial motor vehicle when he was unfit and/or unqualified, through either training and/or experience, to do so. The recklessness of Defendant proximately caused Plaintiff's damages. As such, Defendant Gill is grossly negligent and should be subjected to exemplary damages.

## IX.   DAMAGES

28.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Derrick Bennett, has suffered severe injuries and incurred the following damages:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the crash complained of herein and such charges are reasonable and were usual and customary charges for such services;

b.  Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

c.  Physical pain and suffering in the past;

d.  Physical pain and suffering that will, in all reasonable probability, be suffered in the future;

e.  Physical impairment in the past;

f.  Physical impairment which, in all reasonable probability, will be suffered in the future;

g.  Mental anguish in the past;

h.  Mental anguish which, in all reasonable probability, will be suffered in the future;

i.  Loss of earning capacity in the past;

j.  Loss of earning capacity, which, in all probability, will be incurred in the future;

k.  Cost of medical monitoring and prevention in the future; and

l.  Any and all other damages to which Plaintiff shows entitlement in law or equity through the course of this proceeding.

## X.   RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

29.    Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages. It is early in the case to be assessing the full nature and scope of Plaintiff's injuries, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rules of Civil Procedure, however, requires Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that monetary relief of over 1,000,000, in amount to be determined by the jury is being sought.

## XI.     NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

30.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice that he intends to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendants have produced in response to Plaintiff's written discovery requests.

## XII.     REQUEST FOR JURY TRIAL

31.     Plaintiff hereby requests a jury trial on this matter and has or will pay the appropriate jury fee.

## XIII.     CONCLUSION & PRAYER

For these reasons, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and, upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of the injury through the date of the judgment) at the maximum rate allowed by the law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which the Court determines Plaintiff may be entitled at law or in equity.

Respectfully submitted,

/s/ *Zachary P. McFarlane*
Ryan H. Zehl
Texas State Bar No. 24047166
rzehl@zehllaw.com
Zachary P. McFarlane

Texas State Bar No. 24098075
zmcfarlane@zehllaw.com
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone: (713) 491-6064
Facsimile: (713) 583-8545

**ATTORNEYS FOR PLAINTIFF**

# Exhibit B

**Z** Zehl & Associates PC

Galleria Tower I
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Main: (713) 491-6064
Facsimile: (713) 583-8545
www.zehllaw.com

Filed 6/13/2022 12:15 PM
Darla Lookingbill
Combination Clerk
Oldham County, Texas
Reviewed By: Brenda Linn

June 13, 2022

Oldham County District Clerk
Darla Lookingbill
105 South Main Street
P.O. Box 360
Vega, Texas 79092

Re:     Cause No. OCI-22F-020; *Derrick Bennett vs. Temple Carrier, Inc. and Gurpartap Singh Gill;* In the 222nd Judicial District Court of Oldham County, Texas.

Dear Ms. Lookingbill:

Please issue citations for the following two parties:

1.  Temple Carrier, Inc.
    7459 North Riverside Drive
    Fresno, California 93722
    **Registered Agent:  Tarlok Singh Cheema**

2.  Gurpartap Sing Gill
    1142 Kay Circle
    Turlock California 95382

I've included the $8.00 citation fee for each.   Please email the citations to me at mmedina@zehllaw.com.

Thank you for your attention in this matter.  Please feel free to give me a call with any questions.

Sincerely,

Marla Medina
Senior Paralegal

# Exhibit C

**DARLA LOOKINGBILL**                                        Zachary McFarlane
**COUNTY AND DISTRICT CLERK**                          **ATTORNEY FOR PLAINTIFF(s)**
**OLDHAM COUNTY**                                      2700 Post Oak Blvd. Suite 1000
**PO BOX 360**                                                Houston, TX 77056
**VEGA, TX 79092**



# REGULAR CITATION

TO: Temple Carrier, Inc.
7459 North Riverside Drive
Fresno, CA 93722
**Registered Agent: Tarlok Singh Cheema**

NOTICE TO DEFENDANT**: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

**You are hereby commanded** to appear by filing a written answer to the Plaintiff's Petition, Injury or Damage:  Involving Motor vehicle, at or before ten o'clock A.M. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable 222ND DISTRICT COURT, OF OLDHAM COUNTY TEXAS, of Vega, Texas. Said petition was filed on the 13th day of June, 2022 in this case, numbered **OCI-22F-020** on the docket of said Court, and styled,

     DERRICK BENNETT V. TEMPLE CARRIER, INC. AND GURPARTAP SINGH GILL

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the according to requirements of law, and the mandates thereof, and make due return as the law directs.

     Issued and given under my hand and seal of said Court of VEGA, OLDHAM COUNTY, TEXAS on this 13th day of June, 2022.

                        *Darla Lookingbill*
                        **Darla Lookingbill, Clerk**
                OLDHAM COUNTY DISTRICT COURT
                       Vega, Texas

            By  *signature*
                              **Deputy**

## SHERIFF'S RETURN

Came to the hand the _____ day of _____, 20_____, at _____o'clock ___.M. and executed on the _____ day of _____, 20_____, at _____o'clock _____.M., at _____, in _____ County, _____ by delivering to each of the within-named defendant(s), in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying times and places to-wit:

| Name | Day/Month/Year | Hour/Minute | Place, Course, and Distance from Courthouse |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Not executed for the following reasons:

Information received as the whereabouts of the said defendant _____ being

I am a disinterested person competent to make oath of the fact.

I actually and necessarily traveled _____ miles in the service of this Writ in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

FEES: Serving---cop-------$_____
      Mileage___miles---$_____
             Total....$_____

Subscribed and sworn to _____before me, the undersigned authority, this the _____ day of _____, 20_____, at _____o'clock ___.m.

                    _____Sheriff
                    _____County, Texas
              By: _____Deputy

## CERTIFICATION OF DELIVERY

I do hereby certify that I delivered to _____, _____ on the _____ day of _____, 20_____, at _____o'clock ___.m. this copy of this instrument.

                    _____Sheriff
                    _____County, Texas
              By: _____Deputy

# Exhibit D

**DARLA LOOKINGBILL**
**COUNTY AND DISTRICT CLERK**
**OLDHAM COUNTY**
**PO BOX 360**
**VEGA, TX 79092**



Zachary McFarlane
**ATTORNEY FOR PLAINTIFF(s)**
2700 Post Oak Blvd. Suite 1000
Houston, TX 77056

# REGULAR CITATION

TO: Gurpartap Singh Gill
1142 Kay Circle
Turlock, CA 95382

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

**You are hereby commanded** to appear by filing a written answer to the Plaintiff's Petition, Injury or Damage:  Involving Motor vehicle, at or before ten o'clock A.M. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable 222ND DISTRICT COURT, OF OLDHAM COUNTY TEXAS, of Vega, Texas. Said petition was filed on the 13th day of June, 2022 in this case, numbered **OCI-22F-020** on the docket of said Court, and styled,

DERRICK BENNETT V. TEMPLE CARRIER, INC. AND GURPARTAP SINGH GILL

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court of VEGA, OLDHAM COUNTY, TEXAS on this 13th day of June, 2022.

Darla Lookingbill
**Darla Lookingbill, Clerk**
OLDHAM COUNTY DISTRICT COURT
Vega, Texas

By _____
**Deputy**

## SHERIFF'S RETURN

Came to the hand the _____ day of _____, 20_____, at _____ o'clock ___.M. and executed on the _____ day of _____, 20_____, at _____ o'clock _____.M., at _____, in _____, at _____ County, _____ by delivering to each of the within-named defendant(s), in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying times and places to-wit:

| Name | Day/Month/Year | Hour/Minute | Place, Course, and Distance from Courthouse |
|------|----------------|-------------|---------------------------------------------|
|      |                |             |                                             |
|      |                |             |                                             |
|      |                |             |                                             |

Not executed for the following reasons:
_____
_____

Information received as the whereabouts of the said defendant _____ being
_____
_____

I am a disinterested person competent to make oath of the fact.

I actually and necessarily traveled _____ miles in the service of this Writ in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

FEES: Serving---cop-------$_____
      Mileage___miles---$_____
           Total....$_____

Subscribed and sworn to _____before me, the undersigned authority, this the _____ day of _____, 20_____, at _____ o'clock ___.m.

                              _____ Sheriff
                              _____ County, Texas
                        By: _____ Deputy

## CERTIFICATION OF DELIVERY

I do hereby certify that I delivered to _____, _____ on the _____ day of _____, 20_____, at _____ o'clock ___.m. this copy of this instrument.

                              _____ Sheriff
                              _____ County, Texas
                        By: _____ Deputy

# Exhibit E

Filed 6/22/2022 12:20 PM
Darla Lookingbill
Combination Clerk
Oldham County, Texas
Reviewed By: Darla Lookingbill

**AFFIDAVIT OF SERVICE**

| Case:<br>OCI-22F-020 | Court:<br>222ND JUDICIAL DISTRICT | County:<br>OLDHAM, TX | Job:<br>7234147 (OCI-22F-020) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>DERRICK BENNETT | | Defendant / Respondent:<br>TEMPLE CARRIER, INC. AND GURPARTAP SINGH GILL | |
| Received by:<br>A.P.S. PROCESS SERVICES | | For:<br>Zehl & Associates, PC | |
| To be served upon:<br>TEMPLE CARRIER, INC., BY DELIVERING TO ITS REGISTERED AGENT, TARLOK SINGH CHEEMA | | | |

I, SEAN HOBSON, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** TEMPLE CARRIER, INC., WHERE THE DOCUMENT WAS ACCEPTED BY INMIROR CHEEMA, AUTHORIZED, 7459 N RIVERSIDE DR, FRESNO, CA 93722

**Manner of Service:** Personal/Individual, Jun 16, 2022, 10:11 am

**Documents:** CITATION AND PLAINTIFF'S ORIGINAL PETITION (Received Jun 15, 2022 at 1:45pm)

**Additional Comments:**
1) Successful Attempt: Jun 16, 2022, 10:11 am at 7459 N RIVERSIDE DR, FRESNO, CA 93722 received by TEMPLE CARRIER, INC., WHERE THE DOCUMENT WAS ACCEPTED BY INMIROR CHEEMA, AUTHORIZED.

_____     6-20-22
SEAN HOBSON - PROCESS SERVER      Date

A.P.S. PROCESS SERVICES
1910 PACIFIC AVE., SUITE 9300
DALLAS, TX 75201
214-290-4639

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public

6-20-22          3-10-25
Date           Commission Expires

VICTORIA MABRY
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2360635
FRESNO COUNTY
My Comm. Exp. March 10, 2025



**DARLA LOOKINGBILL**
**COUNTY AND DISTRICT CLERK**
**OLDHAM COUNTY**
**PO BOX 360**
**VEGA, TX 79092**

Zachary McFarlane
ATTORNEY FOR PLAINTIFF(s)
2700 Post Oak Blvd. Suite 1000
Houston, TX 77056

# REGULAR CITATION

TO: Temple Carrier, Inc.
7459 North Riverside Drive
Fresno, CA 93722
**Registered Agent: Tarlok Singh Cheema**

NOTICE TO DEFENDANT: **"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

**You are hereby commanded** to appear by filing a written answer to the Plaintiff's Petition, Injury or Damage:  Involving Motor vehicle, at or before ten o'clock A.M. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable 222ND DISTRICT COURT, OF OLDHAM COUNTY TEXAS, of Vega, Texas. Said petition was filed on the 13th day of June, 2022 in this case, numbered **OCI-22F-020** on the docket of said Court, and styled,

DERRICK BENNETT V. TEMPLE CARRIER, INC. AND GURPARTAP SINGH GILL

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court of VEGA, OLDHAM COUNTY, TEXAS on this 13th day of June, 2022.

**Darla Lookingbill, Clerk**
OLDHAM COUNTY DISTRICT COURT
Vega, Texas

By _____
**Deputy**

# Exhibit F

Filed 7/7/2022 8:18 AM
Darla Lookingbill
Combination Clerk
Oldham County, Texas
Reviewed By: Brenda Linn

## AFFIDAVIT OF SERVICE

| Case: OCI-22F-020 | Court: 222ND JUDICIAL DISTRICT | County: OLDHAM, TX | Job: 7234215 (OCI-22F-020) |
|---|---|---|---|
| Plaintiff / Petitioner: DERRICK BENNETT | | Defendant / Respondent: TEMPLE CARRIER, INC. AND GURPARTAP SINGH GILL | |
| Received by: A.P.S. PROCESS SERVICES | | For: Zehl & Associates, PC | |
| To be served upon: GURPARTAP SIGN GILL | | | |

I, Richard Berberian, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   GURPARTAP SIGN GILL, 2805 KINGS PARK LN, MODESTO, CA 95355
**Manner of Service:**   Personal/Individual, Jul 2, 2022, 5:25 pm
**Documents:**   CITATION AND PLAINTIFF'S ORIGINAL PETITION (Received Jun 15, 2022 at 1:45pm)

**Additional Comments:**
1) Successful Attempt: Jul 2, 2022, 5:25 pm at 2805 KINGS PARK LN, MODESTO, CA 95355 received by GURPARTAP SIGN GILL.

07/05/22

Richard Berberian - Process Server          Date

A.P.S. PROCESS SERVICES
1910 PACIFIC AVE., SUITE 9300
DALLAS, TX 75201
214-290-4639

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date          Commission Expires   03-11-2025

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy or validity of that document.

State of California
County of Stanislaus

Subscribed and sworn to (or affirmed) before me on this 5 day of July , 20 22 by Richard Berberian proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Notary Signature



TIFFANY BERBERIAN
Notary Public - California
Stanislaus County
Commission # 2348386
My Comm. Expires Mar 11, 2025

**DARLA LOOKINGBILL**
**COUNTY AND DISTRICT CLERK**
**OLDHAM COUNTY**
**PO BOX 360**
**VEGA, TX 79092**



Zachary McFarlane
**ATTORNEY FOR PLAINTIFF(s)**
**2700 Post Oak Blvd. Suite 1000**
**Houston, TX 77056**

# REGULAR CITATION

TO: Gurpartap Singh Gill
1142 Kay Circle
Turlock, CA 95382

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

**You are hereby commanded** to appear by filing a written answer to the Plaintiff's Petition, Injury or Damage:  Involving Motor vehicle, at or before ten o'clock A.M. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable 222ND DISTRICT COURT, OF OLDHAM COUNTY TEXAS, of Vega, Texas. Said petition was filed on the 13th day of June, 2022 in this case, numbered **OCI-22F-020** on the docket of said Court, and styled,

DERRICK BENNETT V. TEMPLE CARRIER, INC. AND GURPARTAP SINGH GILL

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court of VEGA, OLDHAM COUNTY, TEXAS on this 13th day of June, 2022.

_Darla Lookingbill_
**Darla Lookingbill, Clerk**
OLDHAM COUNTY DISTRICT COURT
Vega, Texas

By _Brandi Lin_
**Deputy**

# Exhibit G

Filed 7/8/2022 8:48 AM
Darla Lookingbill
Combination Clerk
Oldham County, Texas
Reviewed By: Brenda Linn

IN THE 222ND JUDICIAL DISTRICT COURT
IN AND FOR OLDHAM COUNTY, TEXAS

| | | |
|---|---|---|
| DERRICK BENNETT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | OCI-22F-020 |
| | § | |
| TEMPLE CARRIER, INC. and | § | |
| GURPARTAP SINGH GILL | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' SPECIAL EXCEPTIONS AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Come now TEMPLE CARRIER, INC. and GURPARTAP SINGH GILL ("Defendants"),

and file this Original Answer and in support thereof would respectfully show the Court as follows:

### I.     SPECIAL EXCEPTIONS

A.     Defendants specially except to Paragraph 21 of Plaintiff's Original Petition wherein

Plaintiffs allege "Defendant Temple Carrier, Inc., violated sections of the Texas Transportation Code,

as well as sections of the Federal Motor Carrier Safety Regulations."  Defendants specially except

because Plaintiff fails to identify those sections of the Texas Transportation Code and the Federal

Motor Carrier Safety Regulations allegedly violated by Defendant Temple Carrier, Inc.  Defendants

are therefore not given fair notice of the basis for this claim and are unable to properly prepare a

defense.

B.     Defendants specially except to Paragraph 23(g) of Plaintiff's Original Petition

wherein Plaintiff states Temple Carrier, Inc.'s negligent acts or omissions include "failing to comply

with the Texas Transportation Code, the Texas Department of Public Safety's Commercial Vehicle

Regulations, and the Federal Motor Carrier Safety Regulations."  Plaintiff failed to identify those

154183v1

sections of any of these statutes or regulations which Defendant Temple Carrier, Inc. allegedly violated. As such, Defendants are therefore not given fair notice of the basis of these claims and are unable to properly prepare a defense.

C.      Defendants specially except to Section VIII of Plaintiff's Original Petition wherein Plaintiff alleges gross negligence against Defendants. Plaintiff failed to identify the conduct of the Defendants which would constitute gross negligence or warrant punitive damages from these Defendants. Plaintiffs have not stated any facts which would support a recovery for punitive damages. Defendants are therefore not given fair notice of the basis for the punitive damages which Plaintiff is seeking and Defendants are unable to properly prepare a defense.

D.      Defendants specially except to Plaintiff's Original Petition in its entirety wherein Plaintiff seeks punitive damages. Plaintiff fails to identify the conduct of either Defendant that would constitute gross negligence or warrant punitive damages from Defendants. Plaintiff has not stated any facts which would support a recovery for punitive damages. Defendants are therefore not given fair notice of the basis for punitive damages which Plaintiff is seeking, and Defendants are unable to properly prepare a defense.

## II.      DISCOVERY

Defendants allege that discovery in this case should be conducted at Level 3 under a discovery control plan tailored to the circumstances of this lawsuit under TEX. R. CIV. P. 190.4.

## III.      GENERAL DENIAL

Defendants deny each and every, all and singular of the claims alleged against it in the Original Petition and demand strict proof thereof.

## IV.      AFFIRMATIVE DEFENSES

Without waiving the above and foregoing, and pleading in the alternative, and pleading

further if such be necessary, Defendants show the following:

A.      Plaintiff's injuries and damages, if any, in whole or in part, were caused by or due to events, conditions, or incidents, physical, medical and/or mental, which preexisted the incident made the basis of this suit.

B.      Plaintiff had a duty to mitigate any damages that may have resulted from the incident the subject of this suit.  Plaintiff's damages, if any, should be reduced by any failure to mitigate damages on the part of Plaintiff as may be shown by the evidence.  Further, Defendants assert that if Plaintiff agreed or was required to pay medical providers more than a reasonable amount for services provided, and/or failed to submit medical bills to a health insurance carrier with agreed reimbursement rates lower than the amounts charged to Plaintiff by the providers, the difference between the amount of Plaintiff's medical bills and a reasonable amount (which reasonable amount may be based on a carrier's reimbursement rates) is not the result of Defendants' alleged conduct but, rather, is/was caused by the conduct of Plaintiff, Plaintiff's medical providers and/or Plaintiff's authorized agents.  Such conduct constitutes a failure to mitigate.

C.      Plaintiff is not entitled to recovery of exemplary damages because he has not alleged facts which allow recovery of exemplary damages under Chapter 41 of the Texas Civil Practice and Remedies Code.

D.      Plaintiff's right to recover punitive damages against Defendants is limited in accordance with Chapter 41 of the Texas Civil Practice & Remedies Code.

E.      Defendants allege that under the facts and circumstances of this case, an award of exemplary damages would violate substantive and procedural due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution in the following respects:

1.      It is unconstitutional to allow a citizen to be punished upon the basis of a standard as vague and ill-defined as the common law concepts upon which exemplary damages can be awarded.

2.      It is unconstitutional to allow a citizen to be punished for any conduct when the citizen is unable to determine, prior to the hearing, what the standards used in assessing that punishment will be and where the jury has almost total and unbridled discretion in determining the amount of that punishment.   The standards for assessing exemplary damages in this case are unconstitutionally vague, and allow the jury to assess exemplary damages based upon criteria wholly unrelated to Defendants conduct and completely beyond the control of Defendants.

3.      Because the award of exemplary damages has quasi-criminal attributes, both as to rationale and effect, it is unconstitutional to award exemplary damages based solely upon a mere preponderance of the evidence which may be provided by the slightest circumstantial evidence, coupled with speculation and innuendo.

4.      It is unconstitutional for a state to allow a private citizen with a profit motive to seek punishment of another citizen without the full protections of the Texas and United States Constitutions, including privilege against self-incrimination, and the right not to be placed in double jeopardy.   Defendants allege that the fiction that punishment in civil suits does not invoke the constitutional protections, whereas the same punishment in a criminal suit does, should be abandoned. In either event, the state is forcing Defendants to forfeit valuable property interests, and it matters not to Defendants whether they lose property to the state or to a private litigant.

5.      It is unconstitutional to impose grossly excessive or arbitrary punishments on a tortfeasor.

F.      In the alternative, an award of exemplary damages, as sought by Plaintiff under the facts and circumstances of this case, would violate the excessive fines, cruel and unusual punishment, and due process clauses of the Texas Constitution.

G.      Plaintiff's recovery of pre-judgment and post-judgment interest is limited as provided by Chapter 304 of the Texas Finance Code.  Defendants are not liable to Plaintiff for pre-judgment interest on future damages, if any, pursuant to TEX. FIN. CODE ANN. § 304.1045.

H.      Plaintiff's recovery of medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff under TEX. CIV. PRAC. & REM. CODE ANN. § 41.0105.

I.      Defendants invoke TEX. CIV. PRAC. & REM. CODE ANN. § 18.091 regarding proof of losses for the recovery of pecuniary losses.  Any economic damages that Plaintiff seeks are limited to a loss presented in the form of a net loss after reduction for income tax payment or unpaid tax liability pursuant to any income tax law.

## V.      COURSE AND SCOPE STIPULATION

For purposes of Texas Civil Practice and Remedies Code Section 72.054(a), Defendant Temple Carrier, Inc. stipulates that Defendant Gurpartap Singh Gill was an employee of Temple Carrier, Inc.  and was acting within the course and scope of his employment with Temple Carrier, Inc. on the date and time of the accident giving rise to this suit.  This stipulation is made within 120 days of the date Defendants filed their Original Answer to Plaintiff's Original Petition in compliance with the deadline to do so pursuant to Texas Civil Practice and Remedies Code Section 72.052.

## VI.      OBJECTION TO RULE 193.7 NOTICE

Defendants object to Plaintiff's Rule 193.7 Notice as premature, vague, and ambiguous.  By way of this Notice, Plaintiffs have not provided Defendants with actual notice of which specific

document or documents Plaintiff intends to use as self-authenticating against Defendants.  Further, Plaintiff's 193.7 Notice does not give Defendants 10 days in which to object to the authenticity of a document, documents, or a portion of a document Defendants may be asked to produce at a future time and to which Defendants may not be aware of at the time of the filing of this answer.

## VII.   PRAYER

WHEREFORE, Defendants request that Plaintiff takes nothing by reason of the suit, that Defendants recover their costs of court, and that Defendants recover such other and further relief that is proper either at law or in equity.

Respectfully submitted,

RINEY & MAYFIELD LLP
  Mitzi Mayfield, SBN 13284425
  mmayfield@rineymayfield.com
  Alex Yarbrough, SBN 24079615
  ayarbrough@rineymayfield.com
320 South Polk Street, Suite 600
Amarillo, Texas 79101
Tel: (806) 468-3200; Fax: (806) 376-4509

*/s/ Mitzi S. Mayfield*
_____
Mitzi S. Mayfield

*ATTORNEYS FOR DEFENDANTS*

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned certifies that on this 8th day of July 2022, a true and correct copy of the foregoing pleading was served on all counsel of record, *via* Texas File & Serve, as follows:

      Mr. Ryan H. Zehl                     ***<u>Via Electronic Filing</u>***
            rzehl@zehllaw.com
      Mr. Zachary P. McFarlane
            zmcfarlane@zehllaw.com
      ZEHL & ASSOCIATES, PC
      2700 Post Oak Boulevard, Suite 1000
      Houston, Texas 77056

          *ATTORNEYS FOR PLAINTIFFS*

                              */s/ Mitzi S. Mayfield*

                              _____
                              Mitzi S. Mayfield

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jade Schulte on behalf of Mitzi Mayfield
Bar No. 13284425
jschulte@rineymayfield.com
Envelope ID: 66129487
Status as of 7/8/2022 8:59 AM CST

Associated Case Party: Derrick Bennett

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Zachary McFarlane | | zmcfarlane@zehllaw.com | 7/8/2022 8:48:12 AM | SENT |
| Ryan H.Zehl | | eservice@zehllaw.com | 7/8/2022 8:48:12 AM | SENT |
| Marla Medina | | mmedina@zehllaw.com | 7/8/2022 8:48:12 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mitzi Mayfield | | mmayfield@rineymayfield.com | 7/8/2022 8:48:12 AM | SENT |
| Alex Yarbrough | | ayarbrough@rineymayfield.com | 7/8/2022 8:48:12 AM | SENT |

# Exhibit H

Date Printed: Wed Jul 06 15:15:48 CDT 2022

# Case Summary

Cause Number: OCI-22F-020                               Last Filed:06/13/2022
Style: DERRICK BENNETT V. TEMPLE CARRIER, INC. AND GURPARTAP SINGH GILL
Case Type: Injury or Damage:  Involving Motor vehicle
Category: Civil                          Court: 222nd District Court

## Party(s) of Case: OCI-22F-020

| # | Party | Name | Inactive Date |
|---|---|---|---|
| 1. | Attorney | McFarlane,Zachary | |
| 2. | Defendant | Singh Gill,Gurpartap | |
| 3. | Defendant | Temple Carrier, Inc., | |
| 4. | Plaintiff | Bennett,Derrick | |

## Event(s) of Case: OCI-22F-020

| # | Type | Date/Time | Description |
|---|---|---|---|
| 1. | PETITION | 06/10/2022 | Bennett - Plaintiff's Original Petition - EFiled on 06/10/2022. Submitted by Marla Medina (mmedina@zehllaw.com) |
| 2. | REQUEST | 06/13/2022 | 2022 - 6.13 - Ltr to Clerk re Citations - EFiled on 06/13/2022. Submitted by Marla Medina (mmedina@zehllaw.com) |
| 3. | CITATION | 06/13/2022 | CITATION ISSUED - TEMPLE CARRIER, INC. |
| 4. | CITATION | 06/13/2022 | CITATION ISSUED - GURPARTAP SINGH GILL |
| 5. | DOCKET | 06/13/2022 | BLANK DOCKET SHEET |
| 6. | EFILE PROOF OF SERVICE | 06/14/2022 | EFILE PROOF OF SERVICE - CITATIONS SENT |
| 7. | REQUEST | 06/17/2022 | REQUEST FOR COPIES |
| 8. | CITATION SERVED | 06/22/2022 | CITATION PROOF OF SERVICE - TEMPLE CARRIER INC - |

## Case Type(s) of Case: OCI-22F-020

| Case Type | Filing Date | Disposition | Disposition | Case Age |
|---|---|---|---|---|
| 1. Injury or Damage:  Involving Motor vehicle | 06/13/2022 | | | 23 Days |